William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*
*Bausch & Lomb Incorporated and*
*Bausch + Lomb Ireland Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED and BAUSCH + LOMB IRELAND LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LTD.; LUPIN ATLANTIS HOLDINGS SA; LUPIN INC.; and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 23-790<br><br>*Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Bausch & Lomb Incorporated and Bausch + Lomb Ireland Limited (together,

"B+L" or "Plaintiffs") by way of Complaint against Defendants Lupin Ltd., Lupin Atlantis

Holdings SA, Lupin Inc., and Lupin Pharmaceuticals, Inc. (collectively, "Lupin" or

"Defendants") allege as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of United States Patent No. 10,596,107 ("the

'107 patent"), arising under the United States patent laws, Title 35, United States Code, § 100 et

seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202. This action relates to Lupin's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic loteprednol etabonate gel, 0.38% ("Lupin's Proposed Generic LE Gel Product") prior to the expiration of the '107 patent.

## THE PARTIES

2.      Plaintiff Bausch & Lomb Incorporated ("Bausch") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, NY 14609. Bausch is the registered holder of approved New Drug Application ("NDA") No. 208219, which covers loteprednol etabonate ophthalmic gel (0.38%), and which the FDA approved on February 22, 2019.  Loteprednol etabonate ophthalmic gel (0.38%) is sold in the United States under the trademark LOTEMAX® SM.

3.      Plaintiff Bausch + Lomb Ireland Limited ("Bausch Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland.   Bausch Ireland is the assignee of the '107 patent with the right to enforce.

4.      Upon information and belief, Defendant Lupin Ltd. is a corporation organized and existing under the laws of India, having a corporate headquarters at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

5.      Upon information and belief, Defendant Lupin Atlantis Holdings SA ("Lupin Atlantis") is a corporation organized and existing under the laws of Switzerland, having a corporate headquarters at Landis & Gyr-Strasse 1, Zug, Switzerland 6300. Upon information and

belief, Lupin Atlantis is a wholly-owned subsidiary of Lupin Ltd.

6.      Upon information and belief, Defendant Lupin Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202. Upon information and belief, Lupin Inc. is a wholly-owned subsidiary of Lupin Atlantis.

7.      Upon information and belief, Defendant Lupin Pharmaceuticals, Inc. ("Lupin Pharm.") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202. Upon information and belief, Lupin Pharm. is a subsidiary of Lupin Ltd. (3%) and Lupin Inc. (97%).

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9.      Upon information and belief, this Court has jurisdiction over Lupin Ltd. Upon information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Lupin Ltd. directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Lupin's Proposed Generic LE Gel Product. Upon information and belief, Lupin Ltd. operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Ltd. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Ltd. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in

this jurisdiction.

10.     Lupin is subject to specific jurisdiction in this district based on the filing of its ANDA for its Lupin's Proposed Generic LE Gel Product. Upon information and belief, Lupin has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of its generic drugs, that will purposefully be directed at, upon information and belief, the State of New Jersey and elsewhere. Lupin's ANDA filing constitutes a formal act that reliably indicates a plan to engage in marketing of the proposed generic drug. Upon information and belief, Lupin intends to direct sales of its drug into New Jersey, among other places, once it has the requested FDA approval to market it. Upon information and belief, Lupin will engage in marketing of Lupin's Proposed Generic LE Gel Product in New Jersey upon approval of its ANDA. Lupin's ANDA filing regarding the '107 patent at issue here is suit-related and has a substantial connection with this judicial district because it reliably, non-speculatively predicts activities by Lupin in this judicial district.

11.     Upon information and belief, this Court has jurisdiction over Lupin Atlantis. Upon information and belief, Lupin Atlantis directly or indirectly manufactures, markets, and sells generic drug products, including generic drug products manufactured by Lupin Ltd., throughout the United States and in this judicial district. Upon information and belief, Lupin Atlantis purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Atlantis operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Atlantis has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

12.     Upon information and belief, this Court has jurisdiction over Lupin Inc. Upon

- 4 -

information and belief, Lupin Inc. directly or indirectly manufactures, markets, and sells generic drug products, including generic drug products manufactured by Lupin Ltd., throughout the United States and in this judicial district. Upon information and belief, Lupin Inc. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Inc. operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Inc. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

13.    Upon information and belief, this Court has jurisdiction over Lupin Pharm. Upon information and belief, Lupin Pharm. directly or indirectly manufactures, markets, and sells generic drug products, including generic drug products manufactured by Lupin Ltd., throughout the United States and in this judicial district. Upon information and belief, Lupin Pharm. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Lupin Pharm. operates a manufacturing and research facility at 400 Campus Drive, Somerset, New Jersey 08873. Upon information and belief, Lupin Pharm. is registered to do business in New Jersey (business identification number 0101043376) and is registered with the State of New Jersey as a manufacturer and wholesale distributor of drugs under Registration Numbers 5004060 and 5005159. Upon information and belief, Lupin Pharm. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

14.    Upon information and belief, Defendants have a regular and established place of business in this judicial district because, for example, they maintain a place of business in this judicial district at 400 Campus Drive, Somerset, New Jersey 08873 and has committed an act of

infringement in this judicial district.

15.     Upon information and belief, Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm. hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products in the United States. Upon information and belief, Lupin is "vertically integrated, from process development of the API to the submission of dossiers for finished dosages." *See* https://www.lupin.com/US/generics/, last accessed Jan. 4, 2023. Lupin's "manufacturing is also integrated." (*See id.*)

16.     Lupin Ltd. and Lupin Pharm. availed themselves of the rights, benefits, and privileges of this Court by filing a complaint in the District of New Jersey in at least the following action: *Lupin Ltd. v. Merck, Sharp & Dohme Corp.*, Civil Action No. 10-00683.

17.     Lupin Ltd., Lupin Atlantis, Lupin Inc., and/or Lupin Pharm. consented to or did not contest jurisdiction of this Court, for example, in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391 (Lupin Inc., Lupin Ltd., and Lupin Pharm.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105 (Lupin Ltd., Lupin Atlantis, and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935 (Lupin Ltd. and Lupin Pharm.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097 (Lupin Ltd. and Lupin Pharm.); *Sun Pharma Global FZE v. Lupin Ltd.,* Civil Action No. 18-02213 (Lupin Ltd. and Lupin Pharm.); *EndoPharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952 (Lupin Atlantis and Lupin Inc.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663 (Lupin Ltd. and Lupin Atlantis); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700 (Lupin Ltd. and Lupin Pharm.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708 (Lupin Ltd.and Lupin Atlantis); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action

No. 19-9178 (Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm.).

18.     Lupin Ltd., Lupin Atlantis, Lupin Inc., and/or Lupin Pharm. availed themselves of the rights, benefits, and privileges of this Court by asserting counterclaims, for example, in at least the following District of New Jersey actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391 (Lupin Ltd., Lupin Inc., and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935 (Lupin Ltd.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097 (Lupin Ltd.); *Sun Pharma Global FZE v. Lupin Ltd.,* Civil Action No. 18-02213 (Lupin Ltd.); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952 (Lupin Atlantis); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663 (Lupin Atlantis); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700 (Lupin Ltd.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708 (Lupin Atlantis); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-9178 (Lupin Inc.).

19.     Lupin knows or should know that LOTEMAX® SM is manufactured by Bausch, at least because that information is included in the label for LOTEMAX® SM and is publicly available.

20.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

21.     Lupin Ltd., Lupin Atlantis, Lupin Inc., and/or Lupin Pharm. did not contest venue in this judicial district in at least the following actions: *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391 (Lupin Inc., Lupin Ltd., and Lupin Pharm.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105 (Lupin Ltd. and Lupin Pharm.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935 (Lupin Ltd. and Lupin Pharm.); *Senju Pharm. Co.,*

*Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097 (Lupin Ltd. and Lupin Pharm.); *Sun Pharma Global FZE v. Lupin Ltd.,* Civil Action No. 18-02213 (Lupin Ltd. and Lupin Pharm.); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-10952 (Lupin Atlantis and Lupin Inc.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-12663 (Lupin Ltd. and Lupin Atlantis); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700 (Lupin Ltd. and Lupin Pharm.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708 (Lupin Ltd. and Lupin Atlantis); *Bausch Health Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 19-9178 (Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm.).

22.    Venue is proper against Lupin Ltd., a foreign corporation, in any judicial district that has personal jurisdiction, including this district.

23.    Venue is proper against Lupin Atlantis, a foreign corporation, in any judicial district that has personal jurisdiction, including this district.

24.    Venue is proper against Lupin Inc. because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

25.    Venue is proper against Lupin Pharm. because, *inter alia*, it maintains a regular and established place of business in this judicial district and has committed an act of infringement in this judicial district.

## THE PATENT IN SUIT

26.    The FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

27.    In accordance with 21 U.S.C. § 355(b)(1), the '107 patent is listed in the Orange

Book in connection with NDA No. 208219 as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" LOTEMAX® SM.

28.     The PTO issued the '107 patent on March 24, 2020. The '107 patent claims, *inter alia*, ophthalmic suspensions comprising an ophthalmic active ingredient suspended in a formulation vehicle, wherein the ophthalmic active ingredient is loteprednol etabonate. Plaintiffs hold all substantial rights in the '107 patent and have the right to sue for infringement thereof. A copy of the '107 patent, with certificate of correction, is attached hereto as Exhibit 1.

<u>LUPIN'S INFRINGING ANDA SUBMISSION</u>

29.     Upon information and belief, Lupin filed or caused to be filed with the FDA ANDA No. 218087, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

30.     Upon information and belief, Lupin's ANDA No. 218087 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Lupin's Proposed Generic LE Gel Product, intended to be a generic version of LOTEMAX® SM.

31.     On or about January 3, 2023, Plaintiffs received a letter from Lupin dated December 28, 2022, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 218087 ("Lupin's Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95. Lupin's Notice Letter was addressed to Bausch and Lomb Inc.

32.     Lupin's Notice Letter alleges that Lupin has submitted to the FDA ANDA No. 218087 seeking approval to engage in the commercial manufacture, use and/or sale of Lupin's Proposed Generic LE Gel Product, intended to be a generic version of LOTEMAX® SM.

33.     Lupin's Notice Letter states that Lupin's ANDA No. 218087 contains "any required bioavailability or bioequivalence data or information to the loteprednol etabonate gel

0.38% that is the subject of ANDA No. 218087."

34.    Upon information and belief, ANDA No. 218087 seeks approval of Lupin's Proposed Generic LE Gel Product that is the same, or substantially the same, as LOTEMAX® SM.

35.    Upon information and belief, Lupin's actions related to ANDA No. 218087 complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of Lupin Ltd., Lupin Atlantis, Lupin Inc., and Lupin Pharm.

## COUNT I FOR PATENT INFRINGEMENT

### Infringement of the '107 Patent Under § 271(e)(2)

36.    Paragraphs 1-35 are incorporated herein as set forth above.

37.    Under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '107 patent by submitting, or causing to be submitted to the FDA, ANDA No. 218087 seeking approval for the commercial marketing of Lupin's Proposed Generic LE Gel Product before the expiration date of the '107 patent.

38.    Upon information and belief, Lupin's Proposed Generic LE Gel Product will, if approved and marketed, infringe at least one claim of the '107 patent.

39.    Upon information and belief, Defendants will, through the manufacture, use, import, offer for sale, and/or sale of Lupin's Proposed Generic LE Gel Product, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '107 patent.

40.    If Defendants' marketing and sale of Lupin's Proposed Generic LE Gel Product prior to the expiration of the '107 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '107 Patent

41.     Paragraphs 1-40 are incorporated herein as set forth above.

42.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

43.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

44.     Defendants have made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Lupin's Proposed Generic LE Gel Product before the expiration date of the '107 patent, including Lupin's filing of ANDA No. 218087.

45.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's Proposed Generic LE Gel Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '107 patent.

46.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Lupin's Proposed Generic LE Gel Product will constitute infringement of at least one claim of the '107 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants on the claims set forth above and respectfully request that this Court:

1.      Enter judgment that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the '107 patent by submitting or causing to be submitted ANDA No. 218087 to

the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Lupin's Proposed Generic LE Gel Product before the expiration of the '107 patent;

2.      Order that the effective date of any approval by the FDA of Lupin's Proposed Generic LE Gel Product be a date that is not earlier than the expiration of the '107 patent, or such later date as the Court may determine;

3.      Enjoin Defendants from the commercial manufacture, use, import, offer for sale, and/or sale of Lupin's Proposed Generic LE Gel Product until expiration of the '107 patent, or such later date as the Court may determine;

4.      Enjoin Defendants and all persons acting in concert with Lupin from seeking, obtaining, or maintaining approval of Lupin's ANDA No. 218087 until expiration of the '107 patent;

5.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

6.      Award Plaintiffs such further and additional relief as this Court deems just and proper.

- 13 -

Dated:  February 10, 2023
        Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*
*Bausch & Lomb Incorporated and*
*Bausch + Lomb Ireland Limited*

## <u>CERTIFICATION OF NON-ARBITRABILITY</u><br><u>PURSUANT TO LOCAL CIVIL RULE 201.1(d)</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that thisaction seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated:  February 10, 2023
    Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*
*Bausch & Lomb Incorporated and*
*Bausch + Lomb Ireland Limited*